# PHILLIPS & MILLMAN, LLP
### ATTORNEYS AT LAW — A FIRM CHOICE

NEW YORK OFFICE
148 SOUTH LIBERTY DRIVE
STONY POINT, NEW YORK 10980
845.947.1100
FACSIMILE
845.786.7207

NEW JERSEY OFFICE
346 GRAND AVENUE
ENGLEWOOD, NEW JERSEY 07631
201.894.1104
ALL CORRESPONDENCE TO NEW YORK

FRANK J. PHILLIPS +∧
JEFFREY T. MILLMAN +*∧
ELLEN D. LAZARUS +*
BETH B. FINKELSTEIN +
JEANNE M. HURLEY +

OF COUNSEL
+ FRANK J. LAPERCH
+∧ KELLY A. BURGOON
* JOSEPH A. RAIA
+ DENISE WEISS

PARALEGALS
RAE P. KARPF
LISA A. WELLER
MADELYN A. WILLIAMS

+ MEMBER NY
* MEMBER NJ
∧ MEMBER CT

November 3, 2014

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

RE:   Alexander Komolov, et al v.
      Nicholas Milani, et al
      Case No. 13 – cv – 573 (KBF)(KNF)

Dear Judge Forrest:

     I acknowledge receipt of a letter dated October 31, 2014, authored by Mr. Chronakis seeking the Court's intervention remedying matters he describes as "failures to comply" with your Honor's Orders.

     It has become a sad and frustrating observation that the Plaintiff and his team of representatives have taken this litigation and other litigations so personally that by "hook or crook" they are intent upon jailing and destroying Mr. Milani.

     The day before Mr. Chronakis addressed his letter to the Court, both Mr. Milani and I sat within feet of Mr. Chronakis awaiting argument on yet another attempt to hold Mr. Milani in contempt. Unlike the matter before your Honor this new effort was based upon Mr. Milani appearing as a non-party witness in an unrelated Komolov litigation. What Mr. Chronakis fails to disclose to this Court is that Mr. Milani appeared on two prior occasions without counsel and submitted to hours of questioning.

     The third occasion in which Mr. Milani was directed to appear was based upon an Order of the Honorable Joan Madden, Supreme Court New York County. Mr. Milani was, yet again, ordered to appear so that Mr. Chronakis could have the opportunity to finish his line of questioning.

     At the third meeting, Mr. Milani appeared with me as counsel. We objected to questioning on issues which, in my professional opinion, were of an attorney-client nature and therefore, privileged information. This dispute currently exists between Mr. Chronakis and myself. As a consequence of my objections, Mr. Chronakis served an Order to Show Cause resulting in Mr. Milani, in full compliance of the Order, spending almost four and one-half hours in Court last Thursday. The Court has yet to rule on that issue.

Further, Mr. Chronakis seeks financial punishment against this non-party witness notwithstanding his and Mr. Popik's (Mr. Komolov and Mr. Milani's shared attorney) borderline inappropriate behavior in deviation of their professional responsibilities and conduct, including falsely accusing Mr. Milani of using his cell phone during the deposition and making sneering and mocking gestures. By Mr. Chronakis' own actions, the adversarial tone was set.

Unfortunately, in response to Mr. Chronakis' actions, we acknowledge that Mr. Milani verbally lashed out during the deposition. Forgetting his own, his co-counsel's and his client's behavior, Mr. Chronakis now seeks punishment against Mr. Milani in New York Supreme Court.

One can never legitimize Mr. Milani's behavior, although respectfully, the Court must also be presented with the facts surrounding the hearing before Judge Madden on October 30, 2014. The behavior and animosity of the parties and counsel against Mr. Milani was so outrageous that Judge Madden demanded that Mr. Popik calm down because he was turning red. Even after the lengthy conference, Mr. Popik was ordered to remain behind "alone" to talk to the Court about issues other then the facts of the case. I believe it was to discuss his professionalism and questionable behavior.

Based upon the foregoing, this is clearly the basis of the conduct that lies behind each of Mr. Chronakis' letters and motions to your Honor.

My last highlight to address the level of animosity counsel for Mr. Komolov has for Mr. Milani, is as follows: Judge Madden ordered Mr. Milani to submit to the Court audio tapes purporting to contain discussions between Mr. Komolov and Mr. Popik, for an in-cameron inspection, such discussions potentially impacting upon their credibility. Mr. Popik, who is co-counsel to Mr. Chronakis, asked the Court what the nature of the "punishment" would be directed against Mr. Milani if he fails to turn over the tapes for the Court to review. Again, Mr. Milani is simply a non-party witness who Mr. Popik and Mr. Chronakis are intent on punishing for a civil matter.

On October 30, 2014, as mentioned previously, both Mr. Milani and I sat with Mr. Chronakis, for more than four hours, from 10:00 am until after 2:00pm. I raised the issue of satisfying your Honor's Order on the awarded costs to Mr. Komolov. In fact, Mr. Chronakis and I discussed paying Mr. Komolov on the judgment for costs from moneys seized from Milani Packing, Inc. It was my understanding there were two accounts seized and the first account was sufficient to satisfy the judgment. (I am unaware of the location of the second account.) In fact, I advised that Mr. Milani was willing to assign the contents of the first account over to Mr. Komolov. Mr. Chronakis indicated it was a good idea and offered his assistance.

By way of relevant history, when I initially began discussing the "costs" with Mr. Chronakis in August 2014, I asked for information to locate the seized account so that I could work to have it released to satisfy any amount due Mr. Komolov. Mr. Chronakis never assisted us in obtaining the account information notwithstanding that his efforts caused it to be seized.

2

Rather then make this letter request for judicial intervention, Mr. Chronakis could have asked for dates and times for depositions while we sat together on October 30, 2014, for more than four hours. Instead, he has chosen to further tax this Court's time and resources and to expend more legal fees by asking this Court to intervene in the scheduling of dates and times. With all due respect, it is not Mr. Milani who is obstructing the judicial process.

Since September 5, 2014, Mr. Milani has traveled several weeks for work, has appeared as a non-party deponent in another Komolov litigation, has taken one week to assist his wife after the birth of their child and has appeared to defend yet another Order to Show Cause seeking sanctions and penalties in the New York State Supreme Court. I question what actions Mr. Milani could have taken to engage in discovery depositions in this matter as Mr. Chronakis is seeking.

Notwithstanding, Mr. Milani's business, family and Court obligations to Mr. Komolov in the last four weeks, he is ready, willing and able to appear for depositions and is awaiting dates from Mr. Chronakis so that he can work to make himself available.

In my over two decades of advocacy for my clients, I have never had insurmountable discovery issues and have always worked to make accommodations. Mr. Milani is not at fault in any delay since July 31, 2014, the date which I commenced representation in the instant matter. We are prepared to move forward with plaintiff's discovery requests.

In summary, if the Plaintiff's want to resolve these matters in good faith and without Court intervention, Mr. Chronakis could have discussed this issue during the four hours we sat side by side in the Supreme Court. Had the "delay" in scheduling depositions been such an issue that would warrant seeking Court intervention common sense and professionalism would lead me to believe it would have been raised at some time within those four hours of waiting side by side. Similar to me approaching Mr. Chronakis on October 30, 2014 and raising the issue of honoring the Courts order to pay costs to Mr. Komolov. Why would he not have brought up scheduling depositions?

Thank you for the Court's understanding and attention to this matter.

Very truly yours,

Jeffrey T. Millman

JTM/jmh

cc: Philip C. Chronakis, Esq.
Budd Larner, P.C.
Attorneys for Plaintiffs/Judgment Creditors,
260 Madison Avenue, 18th Floor
New York, NY  10016

3