# BUDD LARNER

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NEW JERSEY 07078-2703
Tel.: 973-379-4800
Fax: 973-379-7734
www.BuddLarner.com

**PHILIP C. CHRONAKIS**    Direct: 973-315-4520
Member of the Firm    E-mail: PChronakis@BuddLarner.com

February 12, 2015

**By ECF**

The Honorable Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

      Re:   *Komolov, et al. v. Milani, et al.*
              Case No.: 13-cv-573 (KBF)

Dear Judge Forrest:

    On behalf of Plaintiffs, I respectfully submit this request that the Court schedule and conduct an evidentiary hearing to resolve an evidentiary impasse that prevents my clients from executing on the November 2013 judgment issued by Your Honor.

    Judgment debtor Nicholas Milani's primary asset appears to be his ownership interest in Milani Packing, Inc., a company that Mr. Milani admitted owning, in a sworn discovery response. *See* **Exhibit A**. Plaintiffs are trying to ascertain the should-be-simple question of Nicholas Milani's percentage ownership in Milani Packing.

    **Nicholas Milani testified under oath at his December 2014 deposition that he owns 9% of Milani Packing,** with the rest owned by his father, Bruno Milani.

    **Bruno Milani** (a former co-defendant) **testified under oath at his December 2013 deposition that Nicholas owns 100% of Milani Packing,** pursuant to a 2011 sale, after which Bruno no longer owned any of Milani Packing.

    One of these statements is false.

BUDD LARNER

Relevant excerpts from Bruno Milani's deposition (**Exhibit B**) and Nicholas Milani's deposition (**Exhibit C**) are provided for the Court's consideration, purely to provide some context for this evidentiary discrepancy requiring resolution.

Both depositions occurred after issuance of the November 2013 judgment – so there could not have been, say, a (legal) transfer of ownership that reduced Nicholas' interest and increased Bruno's interest.  Indeed, Nicholas Milani testified that his ownership interest in Milani Packing had not changed since November 2013.  Thus, the passage of time between the two depositions (the latter requiring extensive judicial intervention) is of no moment to this issue.

Bruno Milani is not a judgment debtor.  Plaintiffs voluntarily dismissed their RICO and other claims against him in January 2014, in exchange for a voluntary deposition designed to provide information about Nicholas Milani's assets.

**If Bruno Milani misrepresented his or Nicholas's ownership interest in Milani Packing,** Plaintiffs would seek to vacate that stipulated dismissal – in addition to whatever other remedies the Court might deem appropriate to sanction false sworn testimony in a federal RICO action.  After all, Plaintiffs have pursued Nicholas Milani's ownership interest in Milani Packing – Nicholas's only attachable asset of material value, **because Bruno Milani testified that his son owned 100% of the company**.

On the other hand, **if Nicholas Milani misrepresented his ownership interest in Milani Packing, Plaintiffs would seek appropriate sanctions**.

But one of these two co-defendants – father or son – did not testify truthfully under oath.  Both Bruno and Nicholas Milani were definitive about their respective testimony on the company's ownership.  Plaintiffs do not have a case to cite authority to the Court for the axiomatic principle that Nicholas Milani cannot simultaneously own 100% of Milani Packing and only own 9% of it; just as Bruno Milani cannot simultaneously own 0% of Milani Packing after selling it to Nicholas in 2012, yet still own 91% of the company.

Rather than conduct a second round of he-said-he-said depositions on this fundamental post-judgment collection issue, Plaintiffs respectfully implore the Court to resolve this issue via a short (30 minute) evidentiary hearing, at which Nicholas Milani and Bruno Milani can illuminate the pathway out of this corporate impossibility – and the irreconcilable conflict in their respective sworn deposition testimony.

2

BUDD LARNER

Plaintiffs are not interested in solving a mystery or exposing a perjurer. Rather, Plaintiffs need to know how many shares of Milani Packing to seek in a turnover order from the Hon. Katharine S. Hayden, U.S.D.J., sitting in the District of New Jersey where this judgment was docketed shortly after its issuance, so that Judge Hayden can direct the U.S. Marshal to seize these assets – just as Her Honor did with Milani Packing's bank accounts and Nicholas Milani's personal Chase Bank safety deposit box in 2014.

Plaintiffs cannot submit a proposed order to Judge Hayden directing the U.S. Marshal to seize "either 9% or 100% of the stock certificates in Milani Packing, Inc., or however many shares of that company Nicholas Milani owns." Neither Judge Hayden nor the U.S. Marshal is tasked with this homework. My clients are. Yet despite costly discovery efforts in 2013 and 2014, my clients cannot obtain even this simple figure.

Bruno Milani is exempt from collection efforts; he is not a judgment debtor in this action. But Bruno Milani is not exempt from the requirement applicable to every deponent to testify truthfully. I have no way of knowing whether father or son testified accurately, or colluded in providing evasive testimony, using Bruno Milani's 'judgment free status' as the premise for misdirection. Just as transferring ownership of Milani Packing from Nicholas to Bruno Milani after November 2013 would expose both father and son to a fraudulent conveyance claim, **lying under oath** about that ownership has consequences as well.

Nicholas Milani's ownership interest in Milani Packing has a value, in the same way that a person's ownership interest in Apple or Google has a value. In the latter instance, the value is the product of the number of shares and the latest stock price. Milani Packing is a privately held corporation, so valuation is more complicated. **But the number of shares should not be the complicated part of the calculation**.

Plaintiffs intend to satisfy part of their judgment by obtaining Nicholas Milani's shares of Milani Packing. As the number of shares cannot be determined by taking two depositions, Plaintiffs respectfully seek the Court's assistance.

Thank you for your consideration.

Respectfully submitted,

PHILIP C. CHRONAKIS

cc: Jeffrey T. Millman, Esq.
Kenneth Cutner. Esq.