# BUDD LARNER

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NEW JERSEY 07078-2703
Tel.: 973-379-4800
Fax: 973-379-7734
www.BuddLarner.com

**PHILIP C. CHRONAKIS**  Direct: 973-315-4520
Member of the Firm  E-mail: PChronakis@BuddLarner.com

February 26, 2015

**By ECF**

The Honorable Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

      Re:   *Komolov, et al. v. Milani, et al.*
              Case No.: 13-cv-573 (KBF)

Dear Judge Forrest:

     Pursuant to Rule 5(B) of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiffs respectfully submit this application, in advance of the scheduled March 5, 2015 evidentiary hearing (**ECF No. 106**) to be permitted to bring into Court certain electronic devices that do not qualify as "personal electronic devices" as that term is defined in Standing Order M10-468 § (a)(1).

     I have submitted a proposed Order pursuant to Your Honor's Individual Rules. The General Purpose Computing Devices, as that term is defined in Standing Order M10-468 § (a)(2), identified in the accompanying Order are:

     [1] **Printer**. Given the thousands of pages of banking records, deposition transcripts, and other documents relevant to the issues to be considered at the hearing (**ECF No. 105**); and being unable to predict what witness's testimony may implicate a particular check, corporate record, or other document; Plaintiffs wish to have a wireless printer on hand, located near any electrical outlet and not occupying space at counsel table, in case the need arises to offer for identification and into evidence certain documents NOT already prepared and copied as hearing exhibits.

BUDD LARNER

      **[2] Laptop Computer** (x2).  The hearing will proceed much more expeditiously if Plaintiffs' attorneys are permitted to reference bank records, transcripts, corporate records, and the like via computer, rather than a manual search, if a certain document suddenly comes into play.  We have stored every record in a 2 TB Dropbox folder, with the cloud storage providing an exponentially faster recall of any necessary document.

      **[3] iPad**.  This effectively provides a third laptop computer, so that I may be afforded the opportunity to conduct my examination with notes prepared and stored on a tablet rather than legal pad.  This also permits the impromptu presentation of a document or graphic to the Court or a witness if necessary.

      **[4] iPhone Dedicated WiFi Hot Spot** – While an iPhone constitutes a Personal Electronic Device under the Standing Order, the undersigned does not presently possess a Valid Service Pass permitting me to bring it into the Courthouse.  The purpose of bringing an iPhone would be to provide Plaintiffs with a dedicated mobile WiFi hot spot already connected to the wireless printer, laptops and tablet, and Dropbox account referenced above.  While the Judiciary's WiFi (if publicly available) is suitable for the laptops and tablet, the printer requires a network ID **and code.**  I do not want to trouble Your Honor or staff with IT questions at a hearing designed to answer legal questions.

===

      Chase Bank representative Linda Coribello will be present at the outset of the hearing to testify as to the authenticity of the voluminous bank records (**ECF No. 105**).

===

      Finally, Plaintiffs' respectfully request an Order permitting the Veritext videographer (**ECF No. 106**) to bring electronic equipment into the courtroom to facilitate Bruno Milani's remote testimony from Lake Worth.  As the videographer is neither a party nor an attorney, a draft Order under Individual Rule 5(B) seems inapplicable.  I will provide Chambers with the Veritext representative's name, and the equipment being brought, forthwith.

      Thank you for your consideration.

                                                        Respectfully submitted,

                                                        PHILIP C. CHRONAKIS

cc:    Jeffrey T. Millman, Esq.
        Kenneth Kutner. Esq.