# PHILLIPS  MILLMAN, LLP
## ATTORNEYS AT LAW         A FIRM CHOICE

NEW YORK OFFICE
148 South Liberty Drive
Stony Point, New York 10980
845.947.1100
FACSIMILE
845.786.7207

NEW JERSEY OFFICE
346 Grand Avenue
Englewood, New Jersey 07631
201.894.1104
ALL CORRESPONDENCE TO NEW YORK

FRANK J. PHILLIPS +∧
JEFFREY T. MILLMAN + * ∧
ELLEN D. LAZARUS +
BETH B. FINKELSTEIN +
JEANNE M. HURLEY +

OF COUNSEL
+ Frank J. Laperch
+∧ Kelly A. Burgoon
* Joseph A. Raia
+ Denise Weiss

PARALEGALS
Rae P. Karpf
Lisa A. Weller
Madelyn A. Williams

+ MEMBER NY
* MEMBER NJ
∧ MEMBER CT

March 3, 2015

VIA ECF
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 0 4 2015
```

RE:   Alexander Komolov, et al v.
      Nicholas Milani, et al
      Case No. 13 – cv – 573 (KBF)(KNF)

Dear Judge Forrest:

    I write this letter to the Court, at this late date, with valid excuse. When Mr. Chronakis filed his detailed letter with accompanying exhibits outlining his belief of a shell game, fraudulent conveyances and allegations of false testimony I was at a disadvantage as I had not received the transcripts.

    Mr. Chronakis, being true to his word, sent via overnight mail a flash drive containing the transcripts of the deposition testimony of Nicholas Milani and Michelle Milani. As this was the first opportunity to review them for accuracy, and if appropriate supplement their testimony on the errata sheet, I began to prepare for the hearing.

    The allegations made against Mr. Nicholas Milani, Bruno Milani and Mrs. Michele Milani are not only serious in nature on a civil spectrum, they also, as Mr. Chronakis requested, pose a potential criminal impact on any or all of the parties if these allegations are provable. In fact, Mr. Chronakis in his letter is asking for a Federal and/or State investigation as to criminality as against Nicholas Milani and Michele Milani.

    As the Court is aware, I represented BOTH Nicholas Milani and his wife Michele Milani in different roles in this case. I represented Nicholas Milani as a defendant with a default judgment filed against him. I represented Michele Milani in her limited role as a non-party witness as to the assets her husband has or does not have. In my initial review of the representations, there was never an indication of conflict in my dealings with either of the Milani's.

After reviewing the allegations raised by Mr. Chronakis in his most recent letter, outlining in detail his belief of asset irregularities and his multiple assertions of perjury against not just Nicholas Milani but also his wife Michele, wherein he describes a scheme between husband, wife and father, I feel going forward as counsel to both or even counsel to one may place my clients in a disadvantage and place me and my law firm in a conflict situation that violates ethical considerations. Thus, prior to commencement of any hearing, I am advising the Court that due to my perceived conflict in representation I will be seeking from your Honor to be relieved as Counsel to both Nicholas and Michele Milani. Further, I will be requesting of your Honor a reasonable adjournment for the Milanis to seek separate counsel that can advise them independent of each other and advise them of their rights going forward.

Now to be completely forthright with this Court, I had this exact discussion with Mr. Chronakis well over a week ago though Mr. Milani, Mr. Komolov, Mr. Chronakis and I have worked diligently in good faith to resolve this matter forever taking it from your calendar and closing all issues raised so that this Court will have seen the last of this matter.

Admittedly, I believed this matter would settle since Mr. Milani has done everything humanly possible to offer what settlement would require. However, through no fault of either party, a settlement takes a meeting of the minds and as of this letter it has not been reached.

This quandary is what leads me to seek the guidance of the Court. First, if this matter remains on the calendar without settlement or adjournment, I expect to appear on Thursday as ordered. Second, Nicholas Milani is aware of his requirement to appear on Thursday and he will be there. However, I have been unable to speak with and correspond with his wife Michele since your Honor initially ordered the Hearing and ordered trial subpoenas be issued naming her. Mr. Chronakis has served me as Counsel and my obligation is to secure her appearance though I have tried to speak with her and to date have not. Mr. Milani has spoken to me several times daily and he understands the conflict and the serious allegations.

I have not advised Michele Milani of the change of hearing date as she was personally served for the first hearing date which was ordered by the Court. I do not doubt I will be able to secure her appearance for Thursday, but to prepare her when I acknowledge a conflict is, in my opinion, improper and I am struggling to figure out the alternative.

This humbly brings me to my suggestive alternative. Unless Mr. Komolov takes the opinion he does not want to settle then I believe we can settle. To date, through his counsel I am made to believe there is a willingness to settle thus all the efforts were made toward that mutually agreeable conclusion. If this Court grants me a limited adjournment of Thursday's hearing to file a motion to be relieved due to conflict that will give Nicholas and Michele Milani the ability to consult with other counsel. It will further give Mr. Komolov the necessary time to validate the value of what Nicholas has offered to resolve this matter which may in fact – resolve this matter.

2

   I do understand this Court is not familiar with me as prior to this matter I have not had the honor to appear before you though I always proceed openly and honest and I ask this Court not to see this letter as a plot or ploy to stall or delay. It is not in any way for that reason. I believe Mr. Chronakis and I have worked hard and honorable to resolve this matter to the mutual agreement of the clients. The clock turned out to be the enemy of the day. Again, this request can reset all that to finalize this matter. Should the Court grant an adjournment of Thursday's hearing one of two events shall occur.

   The first is settlement and I believe that will be the result. The second is this matter does not settle and a hearing will take place, now, with the protections afforded every client by independent counsel who is without conflict and on the ready to protect their clients rights and interests. Either way I believe those are the two likely scenarios. The first being the probable outcome.

   Thank you for the Court's understanding and attention to this matter. If my request is denied via this letter, I would greatly appreciate the opportunity to address the issues raised in this letter prior to the commencement of the hearing so that my application can be renewed and a decision made prior to a hearing commencement. Further, this would allow me to make a full record so as to best protect my clients.

                    Very truly yours,

                    Jeffrey T. Millman

JTM/jmh

cc: Philip C. Chronakis, Esq.
   Budd Larner, P.C.
   Attorneys for Plaintiffs/Judgment Creditors,
   260 Madison Avenue, 18th Floor
   New York, NY 10016

*Ordered*

The hearing will proceed. The Milani's need only to tell the truth, or take the 5th. Request for an adjournment is accordingly denied.

K. B. Forrest
USDJ

3/4/15

3