# BUDD LARNER

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NEW JERSEY 07078-2703
Tel.: 973-379-4800
Fax: 973-379-7734
www.BuddLarner.com

**PHILIP C. CHRONAKIS**　　　　　　　　　　　　　　　　　Direct: 973-315-4520
Member of the Firm　　　　　　　　　　　　　　　　E-mail: PChronakis@BuddLarner.com

May 12, 2015

**By ECF**

The Honorable Katherine B. Forrest, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 730
New York, New York 10007

　　　　Re:　*Komolov, et al. v. Milani, et al.*
　　　　　　Case No.: 13-cv-573 (KBF)

Dear Judge Forrest:

　　In response to the Court's Order (ECF No. 127), Plaintiffs had the sapphire ring appraised by the Gemological Appraisal Laboratory of American on **March 13, 2015.**

　　Plaintiffs respectfully submit this reply to Defendants' letter (ECF No. 126).

　　Counsel's 6-page screed is devoid of a single legal citation, whether on the issue of the purported ownership papers, or demand for my disqualification.  As to the former, Plaintiffs provided case law and legal reasoning yesterday.  As to the latter, Mr. Millman is literally the least qualified member of the New York State Bar to address disqualification, **given that he is the only member of the Bar who admitted to his own conflict of interest, and requested to withdraw, disqualifying himself from this case.**

　　The lack of legal citation on either point underscores the lack of merit in Defendants' arguments.

　　The lack of citation to the transcript of the March 5, 2015 Court hearing underscores the futility of counsel's reminiscence over what (he says) occurred beforehand.  The terms of the agreement were placed on the record, no matter how they were reached, or changed, beforehand.

Thus, there is no reliable authority, or citation to the record, to support counsel's suggestion as to any limitation on the use of the affidavits Mr. Milani signed; or his incorrect recollection that Plaintiffs did not seek the ring's cost as a condition of settlement (Plaintiffs indeed demanded a guarantee of the ring's cost as part of settlement; counsel opposed this request and expressed concern that my client could take the ring to a 'friendly' gemologist and purposely get a low appraisal to trigger a breach).

The point is, the dozens of phone calls, and hundreds of emails and texts, that preceded the March 5th hearing don't matter, as the terms of the settlement are already recorded on a (sealed but accessible) transcript. Defendants are bound by what they agreed to in Court – which includes **ring ownership papers**, and not an indemnification agreement. Plaintiffs should not have to wait to see if they are sued later– and then chase Nicholas Milani around for three more years for his promise of indemnity; they should have documents **now** that establish definitive ownership in the legal sense.

They were not provided because they will prove misrepresentation in the settlement negotations, as addressed in a Supreme Court action against Mr. Rafimayeri.

On that point, **I never served any papers on Robin Rafimayeri**. There is no competent evidence to suggest otherwise (*e.g.*, an affidavit) – just Nicholas Milani's lawyer spouting hearsay like the Gospel. I am no more a witness in this case than Mr. Millman is; both of us collected or delivered settlement documents and proceeds.

My client's place of business is at 1050 Second Avenue in Manhattan. Mr. Rafimayeri's place of business is at the same address, but in the basement. I will visit my client as often as needed at his place of business. If Mr. Rafimayeri wanders around and sees me – so be it – though this begs the question of why Mr. Millman – who has already admitted to a disqualifying conflict of interest as to Nicholas and Michelle Milani – is now Robin Rafimayeri's spokesperson as well.

The answer to that question is simple: There is no defense to the points raised by Plaintiffs yesterday. Mr. Millman announced his conflict of interest on March 3, 2015 (the same conflict he ignored from November 2014 until two days before the hearing). **He cannot represent Nicholas or Michelle** – but does so anyway. Nicholas Milani did not provide ring ownership papers in any legal sense. He breached a term of the settlement agreement, which reverts the case to the evidentiary hearing phase.

I agree with Mr. Millman on one point: During settlement negotiations, every time counsel sought to make reference to my clients' attorney of record in several pending Supreme Court actions, I immediately sought to erase that reference, and make

BUDD LARNER

clear that I was the only attorney representing Plaintiffs in this action. Counsel in Plaintiffs' Supreme Court actions has never had any role in **this** action, fully respecting and honoring his professional obligations (unlike, say, Mr. Millman, who represented Nicholas and Michelle for over four months before 'discovering' a pre-existing conflict of interest at the eleventh hour in a naked attempt to adjourn the evidentiary hearing).

Counsel's current effort to raise extraneous issues, without any documentation, transcript citation, or legal authority– and in disregard of his professional obligation to **step aside as counsel, just like he requested on March 3, 2015** – is exactly what one might expect when there is no defense to the actual issues:

[1] Nicholas Milani's breach of the settlement agreement;

[2] The remedy of returning to the evidentiary hearing; and

[3] The requirement that Nicholas and Michelle Milani have separate counsel, and the controlling authority precluding Mr. Millman from serving in either role.

Thank you for your consideration.

Respectfully submitted,

PHILIP C. CHRONAKIS

cc:  Jeffrey T. Millman, Esq.
     Mr. Bruno Milani (by email)